IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER R. VAUGHN PETITIONER

v. Case No. 6:18-cv-06037 RTD-BAB

WENDY KELLY, Director,
Arkansas Department of Correction RESPONDENT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, Christopher R. Vaughn, ("Vaughn") an inmate confined at the Ouachita River Unit of the Arkansas Department of Correction ("ADC"), in Malvern, Arkansas, filed this Petition for writ of *a habeas corpus* pursuant to 28 U.S.C. § 2254 on April 26, 2018. ECF No. 1. Director Wendy Kelly ("Respondent"), filed a Response on June 15, 2018. ECF No. 9.

The Petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Petition, the Response, pleadings, and all exhibits submitted in this case. For the following reasons, the Court recommends the Petition be denied.

**A. Procedural Background**[1]:

On February 5, 2014, Vaughn was convicted by a Howard County, Arkansas jury on one count of possession of firearms by certain persons and sentenced as a habitual offender to forty (40) years imprisonment in the ADC. ECF No. 9-2. Vaughn appealed this conviction to the Arkansas Court of Appeals. Vaughn's conviction was affirmed in an opinion delivered on February 25, 2015. *See Vaughn v. State,* 2015 Ark. App. 136, 456 S.W.3d 767. ECF No. 9-3.

[1] The procedural background is taken from the Petition, Response, the attached exhibits, and matters of public record regarding this case.

Pursuant to the Arkansas Supreme Court Rules, Vaughn had eighteen (18) days following the delivery of the opinion in which he could have sought rehearing in the Court of Appeals or a review by the Arkansas Supreme Court. *See* Ark. Sup. Ct. R. 2-3 (a), 2-4 (a). Vaughn did not seek a rehearing or a review and therefore the decision by the Arkansas Court of Appeals was final on March 16, 2015.

On April 27, 2015 Vaughn sought relief from his conviction in the trial court pursuant to Ark. R. Crim. P. 37, alleging ineffective assistance of counsel. ECF No. 9-7. This petition was filed forty-one (41) days after the Court of Appeals direct appeal decision became final. A hearing was held on March 30, 2016, during which Vaughn was represented by counsel. The following day an order was entered denying the Rule 37 petition. ECF No. 9-9. Vaughn appealed the denial, contending again that his trial counsel was ineffective for not properly preserving issues and arguments. *See Vaughn v. State,* 2017 Ark. App. 241, 519 S.W.3d 717. ECF No. 9-10. The Arkansas Court of Appeals affirmed the circuit court's ruling on April 19, 2017. *Id.* By operation of law that decision became final eighteen (18) days later on May 8, 2017.

**B. <u>Current Petition</u>:**

On April 26, 2018,[2] Vaughn filed the instant Petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254. He challenges his 2014 state court conviction and raises the following claims for relief:

> 1. The evidence at trial did not support his conviction and therefore his right to due process was violated. ECF No. 1, pp. 5-7; and
>
> 2. His trial counsel was ineffective because he failed to contest the jury's verdict on appeal, failed to obtain a ruling from the circuit court on constitutional

[2] It is not clear from the record when the Petition was placed in the prison mail system. The Petition was signed by Vaughn on April 20, 2018. Therefore, the Court will assume for purposes of this opinion that he mailed the Petition the same day and the Petition is considered filed on April 20, 2018.

> challenges - specifically concerning the sentencing with respect to other offenses-, and failed to strike a member of the jury who allegedly was distantly related by marriage to the prosecuting attorney. ECF No. 1, pp. 8-9.

Respondent asserts the claims in the Petition are both time-barred by 28 U.S.C. §2244(d)(1)(A) and procedurally defaulted. ECF No. 9.

**C. <u>Discussion</u>**:

**1. One-year Statute of Limitations**:

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. The law made several changes to the federal *habeas corpus* statutes, including the addition of a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The AEPDA provides the one-year limitations period shall run from the latest of four possible situations. Section 2244(d)(1)(A) specifies the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. Section 2244(d)(1)(B) specifies the limitations period shall run from the date an impediment to filing created by the State is removed. Section 2244(d)(1)(C) specifies the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Section 2244(d)(1)(D) states the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Section 2244(d)(2) provides that the time during which a "properly filed application" for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. Also, the United States Court of

Appeals for the Eighth Circuit has held "the one-year period is equitably tolled when ‘extraordinary circumstances' have made it impossible for the habeas petitioner to file a timely federal petition." *Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002).

The relevant triggering date for the one-year statute of limitations in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The United States Supreme Court has addressed this provision as it relates to a state court conviction.

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the ‘conclusion of direct review’—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the ‘expiration of the time for seeking such review’—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzales v Thaler*, 565 U.S. 134, 150 (2012). In other words, where a state prisoner does not seek a writ of *certiorari* to the United States Supreme Court his conviction becomes final when the time for pursuing his state court direct appeal expires. *See also, Johnson v. Hobbs,* 678 F.3d 607, 610 (8th Cir. 2012) (noting in cases from the Arkansas Court of Appeals, a conviction becomes “final” when the prisoner can no longer file a petition for review with the Arkansas Supreme Court). The time for seeking discretionary review expires eighteen (18) days after the Arkansas Court of Appeals issues its decision. Ark. Sup. Ct. R. 2-4(a) (stating petitions must be filed within 18 calendar days from the date of the Arkansas Court of Appeal’s decision).

In the present case, the Arkansas Court of Appeals affirmed Vaughn’s conviction on February 25, 2015. Vaughn’s petition for review was due on March 15, 2015. Because he elected not to seek discretionary review to the Arkansas Supreme Court, Vaughn’s conviction became

final on March 16, 2015 and the one-year period of limitation commenced the following day on March 17, 2015. *See King v. Hobbs,* 666 F.3d 1132, 1135-36 (8th Cir. 2012) (noting the habeas statute of limitations began running the date after the deadline for filing a petition for review with the Arkansas Supreme Court). Absent any statutory or equitable tolling, Vaughn's time limitation to file a petition for federal habeas corpus relief expired one year later, on March 17, 2016.

**2. Statutory Tolling of the One-Year Limitation Period**:

Section 2244(d)(2) provides that the time during which a "properly filed application" for State post-conviction review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. The limitation period resumes when the mandate affirming the trial court's denial of post-conviction relief is issued by the state supreme court. *See Lawrence v. Florida*, 549 U.S. 327, 331 (2007). A state post-conviction application is properly filed "when it is delivered to, and accepted by, the appropriate court officer for placement into the official records." *Artuz v. Bennett,* 531 U.S. 4, 8 (2000). Under the Arkansas Rules of Criminal Procedure, a petition for state post-conviction relief pursuant to Rule 37 must be filed within 60 days of the date the mandate is issued by the appellate court affirming the conviction. *See* Ark. R. Crim. P. 37.2(c)(ii) (2017). Petitioner filed his petition for post-conviction relief on April 27, 2015.

Here, forty-one (41) days ran against the one-year statute of limitations – from March 17, 2015 the day after the Court of Appeals decision became final, to April 27, 2015 when Vaughn filed his petition for post-conviction relief. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 854 (8th Cir. 2003) (stating the limitations period is not tolled during the time between the date that direct review of a conviction is completed and the date an application for state post-conviction relief is filed). The Arkansas Court of Appeals issued its opinion denying Vaughn's

appeal from his denial of post-conviction relief on April 19, 2017. Accordingly, the statute of limitations was tolled from the filing of Vaughn's post-conviction petition until the Arkansas court of Appeals issued its mandate affirming the denial of post-conviction relief on May 9, 2017. ECF No. 9-14; *see Lawrence,* 549 U.S. at 332 (holding "[t]he application for state post-conviction review is therefore not 'pending' after the state court's post-conviction review is complete").

After completion of Vaughn's post-conviction appeal, the statute of limitations ran from May 9, 2017 until Petitioner filed the instant petition for *habeas corpus* review on April 20, 2018 – a total of three-hundred forty-six (346) days. When you include the additional forty-one (41) days the statute ran after the Arkansas Court of Appeals decision became final and when Vaughn filed his Rule 37 petition, a total of three-hundred eighty-seven (387) days ran against the statute of limitations. Accordingly, Vaughn's petition is time-barred unless equitable tolling applies.

**3. Equitable Tolling of the One-Year Limitation Period**:

The United States Supreme court has held the one-year statute of limitations in § 2244(d) is subject to the doctrine of equitable tolling. *See Holland v Florida*, 560 U.S. 631, 645 (2010). However, equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001), *see, e.g., Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003), *quoting Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 ("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.").

Here, Vaughn has not pointed to any extraordinary circumstances that prevented him from timely filing his *habeas* Petition. Legal inexperience, or *pro se* status, does not qualify as an

external circumstance justifying equitable tolling. *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th cir 2000), *cert. denied,* 534 U.S. 863 (holding "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"). Accordingly, Vaughn is not entitled to statutory tolling and the instant Petition should be dismissed as time-barred.[3]

**D. Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be DENIED dismissed with prejudice.[4] I further recommend no Certificate of Appealability issue in this matter.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **24th day of April 2019.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

[3] Because the Court has determined Vaughn's petition should be dismissed as time-barred, it is unnecessary to address Respondent's defense of procedural default.

[4] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984).